UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60893-AUGUSTIN-BIRCH

ELLIOT M. HIRSCH,

    Plaintiff,

v.

DAVID BEHAR and MIAMI
SEPHARDIC CLUB LLC,

    Defendants.
_____/

### ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, REQUIRING PAYMENT OF FILING FEE, AND ORDERING SERVICE ON DEFENDANTS

    This cause comes before the Court on Plaintiff Elliot Hirsch's Application to Proceed *In Forma Pauperis*. DE 5. The Court held a hearing on Plaintiff's Application on June 4, 2025, and Plaintiff appeared and answered questions the Court prepared. Having carefully considered the Application and Plaintiff's answers to the Court's questions at the hearing, the Court **DENIES** Plaintiff's Application to Proceed *In Forma Pauperis* [DE 5].

    "There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). When considering a request to proceed *in forma pauperis* "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976). An affidavit generally satisfies the requirement of poverty when it shows that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

At first blush, it appears that Plaintiff's affidavit could meet the requirement to proceed *in forma pauperis*. Plaintiff's affidavit states that he makes less than $500 annually as an Uber driver, has $258.20 in his checking account, uses food stamps to support his daughter, has a car worth approximately $10,000, has a 1% interest in a $1,000,000 home that would cost him more to sell than it is worth, and owes his ex-wife $100,000 in arrears. DE 5. However, Plaintiff's affidavit also states that his "dad is loaning [him] money and paying all houseing [sic] expenses for [him]." *Id.* at 5. And at the hearing, Plaintiff explained that his father has lent him approximately $50,000 so far. Based on the representation that Plaintiff's father supports him and provides for his living necessities, the Court does not find that requiring Plaintiff to pay the $405.00 filing fee would hinder his ability to support and provide necessities for himself and his daughter. Accordingly, the Court **DENIES** Plaintiff's Application to Proceed *In Forma Pauperis*. Plaintiff shall pay the $405.00 filing fee within **14 days** from the date of this Order. Failure to do so may result in the Court dismissing this case without prejudice.

Furthermore, the Court notes that Plaintiff filed his Complaint on February 22, 2025. DE 1. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants by May 23, 2025. *See* Fed. R. Civ. P. 4(m) (providing 90-day deadline to perfect service upon a defendant). The Court acknowledges that Plaintiff's case has essentially been in limbo while it has been transferred from the District of New Jersey to the Southern District of Florida and while Plaintiff awaited a ruling on his Application to Proceed *In Forma Pauperis*. Having resolved Plaintiff's Application to Proceed *In Forma Pauperis*, the Court **ORDERS** Plaintiff to perfect service on Defendants David Behar and Miami Sephardic Club LLC within **30 days** from the date of this Order. Failure to do so may result in the Court dismissing this case without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of June, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE