UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60893-CIV-DIMITROULEAS

ELLIOT M. HIRSCH,

     Plaintiff,

vs.

DAVID BEHAR and
MIAMI SEPHARDIC CLUB, LLC,

     Defendants.

_____/

## **<u>ORDER</u>**

THIS CAUSE is before the Court on Magistrate Judge Augustin-Birch's Report and Recommendations (the "Report"), filed herein on June 25, 2025. [DE 20]. The Court has reviewed the record, including the Report [DE 20], Plaintiff's objections [DE 26], as well as Plaintiff's Application to Proceed *In Forma Pauperis* [DE 5], the Magistrate Judge's Order denying Plaintiff's Motion, [DE 16], and Plaintiff's Motion to Vacate Order Denying IFP Application [DE 27]. The Court is otherwise fully advised in the premises.

### I.    Background

Plaintiff Elliott Hirsch filed this *pro se* action on February 22, 2025, in the United States District Court for the District of New Jersey. On April 4, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in that Court. On May 6, 2025, District Judge Robert Kirsch in the District of New Jersey *sua sponte* transferred this action to the Southern District of Florida upon a finding that venue was improper in New Jersey. In doing so, Judge Kirsch declined to decide IFP issue, finding that the IFP determination "lies with the transferee court." *See* [DE 6] at p. 8.

Still, Judge Kirsch conducted a thorough review of the application, Plaintiff's filing history, and the instant Complaint. Upon review, Judge Kirsch commented, "Plaintiff's IFP application paints a complicated but incomplete picture." Judge Kirsch saw fit to comment:

> He is not employed aside from the occasional job driving for Uber, has less than $300 in his checking account (an amount insufficient to cover the filing fee for this case), uses SNAP benefits to buy food for his daughter, and owes $100,000 in arrears to his ex-wife. (IFP at 2-3, 10, 12-13.) But Plaintiff also reports no expenses; his current lifestyle, including his car payments and household expenses, appears to be entirely supported by his family. *(See id.* at 5.) Clearly, Plaintiff is not subsisting on his meager Uber income alone. Plaintiff also reports owning a negligible stake in a million-dollar home in Brooklyn, but lists his address in New Jersey. *(Id.* at 3, 8.)

On May 6, 2025, Judge Kirsch transferred this action to the Southern District of Florida. Per Administrative Order 2025-11, the case was assigned to Magistrate Judge Augustin-Birch. About a month later, Judge Augustin-Birch held a hearing on the IFP motion, and two days later, entered an order denying Plaintiff's IFP motion. *See* [DE 16]. In so doing, Judge Augustin-Birch seemed to agree with Judge Kirsch's assessment that Plaintiff's IFP application paints a "complicated" picture. Judge Augustin-Birch stated,

> At first blush, it appears that Plaintiff's affidavit could meet the requirement to proceed in forma pauperis. Plaintiff's affidavit states that he makes less than $500 annually as an Uber driver, has $258.20 in his checking account, uses food stamps to support his daughter, has a car worth approximately $10,000, has a 1% interest in a $1,000,000 home that would cost him more to sell than it is worth, and owes his ex-wife $100,000 in arrears. DE 5. However, Plaintiff's affidavit also states that his "dad is loaning [him] money and paying all houseing [sic] expenses for [him]." Id. at 5. And at the hearing, Plaintiff explained that his father has lent him approximately $50,000 so far. Based on the representation that Plaintiff's father supports him and provides for his living necessities, the Court does not find that requiring Plaintiff to pay the $405.00 filing fee would hinder his ability to support and provide necessities for himself and his daughter.

*See* [DE 16]. Plaintiff moved for reconsideration [DE 17], and Judge Augustin-Birch denied the motion upon a finding that Plaintiff did not provide any newly discovered evidence, and that the

Court did not misinterpret the facts. *See* [DE 18].

A week later, on June 25, 2025, Judge Augustin-Birch determined that she did not have jurisdiction to issue a dispositive order in the action and directed the Clerk to randomly assign this case to a United States District Judge as the Presiding Judge, with Judge Augustin-Birch as the paired Magistrate Judge. *See* [DE 19]. The Clerk did so, and the action was assigned this Court. Accompanying the transfer was Judge Augustin-Birch's Report and Recommendation. Therein, Judge Augustin-Birch recommended this Court dismiss the action without prejudice for failure to prosecute, as Plaintiff had not paid the filing fee per the Magistrate Judge's previous order. *See* [DE 20].

 Plaintiff timely filed an objection to the Magistrate Judge's Report and Recommendation *See* [DE 26]. Therein, Plaintiff asserted, in relevant part, that Judge Augustin-Birch was first judge to deny Plaintiff's IFP status out of more than 10 state and federal courts. Plaintiff further averred, "the only apparent justification for denying my IFP application was the fact that my father paid legal expenses in a divorce matter over five years ago." [DE 26].

Upon careful review of the foregoing record, the Court agrees with Judge Augustin-Birch that Plaintiff is not eligible for IFP status. However, the Court will provide another opportunity to cure this defect before adopting the Magistrate Judge's recommendation to dismiss the action without prejudice.

## II.    Standard of Review

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*,

863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

In this case the Magistrate Judge's Report and Recommendations is based upon her previous denial of Plaintiff's IFP application. Plaintiff's objections to the Report and Recommendations are based upon his contention that the IFP issue was wrongly decided. Accordingly, the Court undertakes a *de novo* review of the Magistrate Judge's decision to deny IFP status [DE 16], in addition to undertaking a *de novo* review of the Report and Recommendation [DE 20].

## III.    Discussion

When considering an IFP application, the court's "only determination ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). An application "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014). At the same time, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound

discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "A district court has wide discretion in ruling on an application for leave to proceed IFP and should grant the IFP privilege sparingly in civil cases for damages." *Thomas v. Chattahoochee Jud. Cir.,* 574 F. App'x 916 (11th Cir. 2014) (cleaned up).

Upon careful review of the record, the Court agrees with Judge Augustin-Birch that Plaintiff is not entitled to IFP status. Plaintiff asserts, *inter alia*, that he makes less than $500 annually, and that he owes $100,000 to his ex-wife. At the same time, Plaintiff concedes that his father pays for Plaintiff's car, and that he is a 1% owner in a home worth $1,000,000. Furthermore, the Court accepts as true Judge Augustin-Birch's finding at the hearing that Plaintiff's "father has lent him approximately $50,000 so far" and "supports him and provides for his living necessities." Courts routinely consider funds derived from other sources, such as family and friends, as relevant to the indigency determination. *See, e.g. Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (considering family contributions when assessing IFP status); *Peeples v. Xlibris Publ'g*, No. CV 19-0070-JB-C, 2019 WL 1983817, at *2 (S.D. Ala. Apr. 8, 2019), *report and recommendation adopted*, No. CV 19-0070-JB-C, 2019 WL 1983055 (S.D. Ala. May 3, 2019) ("The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.") (citations omitted). Based upon Plaintiff's overall financial picture, the Court finds Plaintiff is not entitled to IFP status.

Furthermore, to address Plaintiff's second objection, it is immaterial that other courts may have granted Plaintiff's IFP applications in the past. To the extent it is true that other courts have granted Plaintiff's IFP motions, those decisions would be persuasive and not binding on this Court. Moreover, Plaintiff volunteers that Judge Augustin-Birch was the only judge to ever conduct a

hearing on one of Plaintiff's motions. *See* Pl. Mot. Reconsideration [DE 17]. This hearing clarified the otherwise "complicated" picture painted by Plaintiff's IFP application and led Judge Augustin-Birch to find that Plaintiff had sufficient funds to prosecute this action. Plaintiff's objections do not disturb the sound factual and legal basis for Judge Augustin-Birch's decision, and upon *de novo review*, the Court finds this decision to deny IFP status is correct.

## IV. Subject Matter Jurisdiction

Additionally, the Court is concerned that it lacks subject matter jurisdiction over this action. It is axiomatic that federal courts are courts of limited jurisdiction. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction." *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). As a threshold matter, the Court must determine if jurisdiction exists before proceeding to the merits of the case. *Sinochem Int'l Co. v. Malay Int'l Shipping Corp*, 127 S. Ct. 1184, 1191 (2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purposes of deciding the merits of the case.") (internal quotations omitted).

Plaintiff alleges diversity as a basis for jurisdiction. The Complaint includes three causes of action all based in state law: Count I: Intentional Infliction of Emotional Distress; Count II: Defamation; Count III: False Light. Plaintiff alleges the parties are diverse and that the amount in controversy exceeds $75,000. *Id.* at ¶ 4.  Plaintiff's prayer for relief requests an award of compensatory damages not less than $10,000,000. However, the Complaint does not contain any factual allegations to support an award of such damages. Therefore, it is unclear to the Court based upon the allegations of the Complaint whether this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a).

Based upon the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate Order Denying IFP application; [DE 27] is **DENIED**;

2. By **August 1, 2025,** Plaintiff is **DIRECTED** to do the following:

   a. Pay the filing fee; *and*

   b. Explain why this Court should not dismiss this action for lack of subject matter jurisdiction. In other words, Plaintiff must demonstrate why the amount in controversy exceeds $75,000.

3. Failure to do BOTH (a) and (b) above to the Court's satisfaction will result in the Court granting Judge Augustin-Birch's Report and Recommendation [DE 20] to dismiss this action without prejudice, and overruling Plaintiff's objections [DE 26];

4. The Court defers ruling on the Report and Recommendation to provide Plaintiff and opportunity to take the above actions;

5. The Clerk is **DIRECTED** to mail and email a copy of this Order to the addresses below.

   **DONE** and **ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of July,

2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Magistrate Judge Augustin-Birch

Elliot M Hirsch

7 SAXONY DRIVE

OAKHURST, NJ 07755

917-750-0418

Email: Elliothirschlaw@gmail.com

PRO SE